IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERESA BLAND,   No. CIV S-12-0456-CMK

    Plaintiff,

  vs.   ORDER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

          Plaintiff, proceeding in propria persona, brings what appears to be an action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), on behalf of another individual, Diamond Hart. There are several problems with this action which need to be addressed before it can proceed.

          First, as stated above, it appears that Plaintiff Teresa Bland has filed this action on behalf of another individual, Diamond Hart. However, there is no indication in the filings that Ms. Bland is an attorney capable of representing another individual in a legal action. Nor is there any indication that Diamond Hart is a minor whom Ms. Bland has been appointed guardian ad litem. Second, the complaint is not signed, in contravention of Federal Rule of Civil Procedure 11. Finally, the complaint fails to set forth any facts for the court to review to determine whether this action is in fact a judicial review of the Commissioner's final decision, or some other type of action. Federal Rule of Civil Procedure 8 requires a complaint contain a short and plain

statement of the claim, showing the pleader is entitled to relief and a demand for the relief sought. Claims must be stated simply, concisely, and directly. Fed. R. Civ. Proc. 8(a). Here, there is no claim set forth in the complaint, nor is there a demand for any relief. Plaintiff may find it helpful, if indeed this case is an action for judicial review of the Commissioner's decision, to attach a copy of that decision so the court may identify the parties involved. Regardless, however, plaintiff must set forth the basis for this action in an amended complaint, explaining what the plaintiff wishes the court to review, and what relief plaintiff is requesting.

In addition, as the court is unsure who the plaintiff should be, the court is unable to evaluate the application to proceed in forma pauperis. Ms. Bland signed the application, but as discussed above, it is unclear what the relationship is between Ms. Bland and Diamond Hart, who is also listed on the application. Thus, plaintiff will be required to submit a new application indicating who the proper plaintiff is, and that complies with 28 U.S.C. § 1915.

Plaintiff will be allowed 30 days in which to file a new application to proceed in forma pauperis and a complaint that complies with the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint and application to proceed in forma pauperis are stricken;

2. Plaintiff shall file a new application to proceed in forma pauperis and complaint as set forth above, within 30 days of the date of this order; and

3. The Clerk of the Court is directed to send plaintiff a new pro se packet.

DATED: May 22, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE